I understand, Mr. Merenstein, you have 11 minutes, Mr. Fair has 4, is that right? That's correct, Your Honor. Okay. Mr. Monaco, do you wish to reserve any time for rebuttal? One minute, Your Honor. Okay, very good. All right. I'm going to start the clock now, then, and invite Mr. Monaco to begin his argument on behalf of Appellant. Good morning, Your Honors. My name is Ralph Monaco. I represent the Appellant, American Builders Insurance Company, and I'm going to keep my presentation this morning short and allow it to mirror the written materials that I've supplied to the Court. From American Builders' perspective, the narrow issue in this appeal is whether the District Court erred when it decided the exclusivity provision contained in Pennsylvania's Workers' Compensation Act deprived it of jurisdiction to address a contract dispute between Custom Installations, the defendant, Appellee, and my client, American Builders. Specifically, the dispute centered on the question of whether Americans, custom-supplied Americans with materially false information, whether it applied for insurance, workers' compensation insurance. This dispute is a simple one. It has complex overturns because of some jurisdictional questions, but it's based on simple principles of contract law, and notably the facts that relate to the dispute are not in dispute and, in fact, have been admitted by the defendant, Appellee. In any other context, the District Court would not have vacated its grant of partial summary judgment to American in the rescission of the policy, and it's only because of the potential implications in ancillary workers' compensation proceedings that this matter has moved into the territory that we now find ourselves. Notably, when the District Court vacated the grant of partial summary judgment in favor of my client in rescission of the policy, it did not engage in abstention analysis to reach its conclusion that it lacked jurisdiction. It did not consider whether it should exercise its discretion to decline to hear the claim for declaratory relief. Rather, it misapplied or ignored a pertinent and applicable Pennsylvania Supreme Court test pertaining to the scope of the Act's exclusivity clause. The Court deemed that it lacked jurisdiction to decide the issue and further held that only the workers' compensation judge had jurisdiction to consider the contract dispute. It's our position that this result was an error. Now, the test that we believe that was applicable and not applied was introduced by the Pennsylvania Supreme Court in the case of Martin v. Lancaster Battery, and in that case, the Pennsylvania Supreme Court carved out and created a narrow exception to exclusivity under the Workers' Compensation Act, holding in that case, under the facts of that case, that the Act did not provide the plaintiff with an exclusive remedy for an alleged aggravation of a work-related injury because the plaintiff's employer had fraudulently misrepresented facts pertaining to lead tests to the employee which aggravated his work-related injury. Notably, the case... Pardon me? Yes. I have a question along those lines. The distinction in Martin was that the proceeding was brought before workers' compensation proceedings. In fact, we interpreted it that way in Winterberg. Wouldn't the result here be different if there had been no workers' compensation proceeding or if no claim had yet been filed? But that's not the case we have. We have a situation where there was compensation payable already agreed upon, and the workers' compensation proceeding was already in existence. That makes a huge difference, does it not? It is a distinction, but there's another distinction that I think addresses that issue, and that is that in the Martin case, what the court was considering was whether a plaintiff's employee who had sustained a work-related injury could simultaneously, or I guess in sequence, seek a remedy under the Workers' Compensation Act for the work-related injury and then in a separate civil action based on common law principles seek recovery of damages for the aggravation of the work-related injury that was caused by the misrepresentation. Here the distinguishing facts are that the dispute does not exist between the employee and the employer, and the misrepresentation doesn't exist in that relationship. It's on the other side of the equation, and that is that it's between the employer insured and the insurer. And why that's significant is I think it brings the Cooney case into play, which is also a Pennsylvania Supreme Court case where the court said that the test as to the applicability of the act is whether the harm complained of is compensable under the act. So if you apply that Cooney principle, I respectfully submit that it's immaterial as to whether or not the civil claim for the contract-based dispute was filed before or after the workers' compensation proceeding was filed. Mr. Monaco, can I ask you this question? I think I understand your argument, but why couldn't you seek this rescission, which you're asking in the declaratory judgment action here in federal court, why couldn't you seek this either under Section 751 of the Workers' Compensation Act or Section 710 of the Workers' Compensation Act and have that done before within the workers' compensation system? Well, I guess the concern that we have is with what I would call a gap in the law as to whether or not a workers' compensation judge can grant declaratory relief in the context of a workers' compensation case. Now, I understand that your question is why did we not seek an act-based remedy that may not specifically have asked for declaratory relief, but may have asked for a remedy that we sought in this declaratory judgment action. And frankly, because we had a separate legal claim that we filed at the same time, we felt that the district court was the better place to file the action and have one action to decide both of those issues. And we believed, although this court's decision in RERA came out after we filed the action in the district court, we believed that for the same reasons, that the jurisdiction was properly before the district court. Well, when you say it's the better forum, Mr. Monaco, that presupposes that the workers' compensation forum was also an available forum, correct? Well, I would concede that point and at the same time acknowledge that we could have filed the action in the Court of Common Pleas. A question about Scott's situation. But for your lawsuit in which the court said no further obligation to Scott, under the workers' compensation system, could Scott have come back asking for more money? I mean, he already got, I guess, $2.5 million. Would that have been possible? Well, the direct answer to your question, Your Honor, is that American has never stopped paying benefits and continues to pay benefits both in terms of wage-related benefits to Mr. Scott and we're paying 100% of his medical bills. Well, but that's not my question. You had a court order that, but for the court's reconsideration of it, said there was no further, almost usurped what the workers' compensation board's role would be and said clearly the order said no further obligation to Scott. And yet there was a possibility under the workers' compensation scheme for him to seek more and, in fact, you have paid him more money, correct? That's correct. We have paid him more money. But the language, and perhaps it could have been more carefully crafted, but the language that we supplied to the court in the suggested order actually tied that qualifying language to the policy, the viability of the policy. And what we did go ahead, I'm sorry. I didn't think so. I thought the order said to Scott. But it was under the policy. And what we did with the order was we took it into the workers' compensation proceedings and offered it as evidence in support of petitions that we filed seeking relief under the act. And on that point, independent of the contractual obligation that American owed to Mr. Scott under the policy, it issued a notice of compensation payable in the fall of 2015 when he was injured. Under the notice of compensation payable, Americans assumed a separate legal obligation to pay work injury-related benefits to Mr. Scott and is legally obligated to do so until it is excused from doing so, by the workers' compensation judge. The district court's rescission of the insurance policy does not impact that legal obligation in any way. And, in fact, all that it did was provide us with a piece of evidence to take to the workers' compensation judge and say the policy upon which the relationship was established was voided and rescinded ab initio. And so I respectfully submit that Mr. Scott's entitlement to receive payment was fundamentally established when my client issued the NCP to him. But the NCP could have been rescinded or modified in the workers' compensation proceeding had you chosen to challenge it there, correct? That is correct, and, Your Honor, we have done that. Those petitions are pending before Judge Galish in the workers' compensation proceeding, and we, in fact, have a status conference before him next week. So if we affirm what the district court did here, you still have an opportunity to get the relief you seek in that form? That's correct, and we would have one less piece of evidence to present in support of our claim, although we could present the same testimony and the other facts that were developed in both cases, actually. That seems to really strongly cut against you in the sense that if we were to agree with your position in this appeal, we would be permitting piecemeal adjudications of workers' compensation hearings and also perhaps creating a situation where the federal courts are at odds with the state proceedings, wouldn't we? I respectfully disagree, or perhaps I have a little bit of a different perception, and that is that we have conceded that Judge Galish, if this court were to reinstate the grant of partial summary judgment and rescission of the policy, Judge Galish would be free to ignore that evidence. He can afford whatever weight to that evidence that he wants to afford to it. We understand and we recognize that there's a public policy that underlies the workers' compensation proceeding, excuse me, the Workers' Compensation Act, and that even in a circumstance like this, where my client was duped into providing coverage and has paid significant amounts to and on behalf of Mr. Scott, it may be stuck paying for him. As to the question of the viability of the policy, there was a separate legal claim that we filed in this action. It has been discontinued and refiled in a separate case in the Middle District because it was another party added. So in that respect, there are reasons independent of the workers' compensation proceeding for which we're seeking rescission of the policy. You seem to rely on CUNY as helpful to you. But CUNY really says that the Workers' Comp Department has exclusive jurisdiction in all matters relating to the subject matter. And wouldn't this be all matters relating to the subject matter of the claim? Well, as I read CUNY, and CUNY does say that, but it qualifies that language by stating that the fundamental examination is whether the harm complained of is compensable under the act. And maybe that's the more direct way for me to state my position. And that is, as to the relationship between custom installations and American builders, the act does not provide it with a remedy. And that's why we sought the remedies that we're seeking in the district court. As to the district court's second order, the September order, do you read that to say that the court said they have no jurisdiction? Or do you read that to say that the preferable forum is in the workers' compensation system and they were dismissing your rescission request? I read it to say that they lack jurisdiction, although I understand that it can be interpreted in more than one way. Okay. Which would implicate the question of the district court's discretionary power and, I believe, RERIC considerations, because there was also, as I mentioned, a claim for legal relief. And as I read and understand the RERIC decision, where there are independent claims for legal and declaratory relief, the district court loses its discretion to decline to exercise jurisdiction over the debt claim. You had a claim for reimbursement, and you withdrew it, did you not? It was withdrawn and refiled. Okay. All right. Thank you, Mr. Monaco. We will hear you on rebuttal. Let's hear from Mr. Marenstein. Are you going first for the interveners? I am, Your Honor. Okay. Go right ahead. Thank you very much. And may it please the court, again, Bruce Marenstein for the Commonwealth interveners. And, again, I will be using, at the court's permission, 11 of the 15 minutes for the interveners. Just to clarify a couple of the points that Mr. Monaco made. First of all, the order that the American bill has asked the trial court to enter and that the trial court initially entered and that it's asking this court to reinstate is very clear in holding and declaring that American had in the past and has now and going forward no legal obligation to Mr. Scott under any theory of law or equity. So it is not seeking, you know, what Mr. Monaco has described, which would essentially be an advisory opinion. It's seeking to get out of all of its obligations to Mr. Scott under the workers' comp act. And, in fact, after it obtained that order from the trial court initially, it then sought a TRO and a preliminary injunction precluding the workers' comp judge from holding any more hearings regarding Mr. Scott's claim. So that is what American builders is seeking. And it's the only thing it's seeking in this case. The Declaratory Judgment Act, the request for declaratory relief is the only claim in this case. There are no other claims against custom installations. As the court has pointed out in the questions to Mr. Monaco, the claim, the tort claim, the fraud claim was dismissed with prejudice. That claim is gone. The case that Mr. Monaco has referred to that has been refiled is against the insurance broker, Evansburg. It is not against custom installations. So there are no claims other than the declaratory judgment claim. And that claim was properly dismissed by the trial court. This is not simply a contract dispute between an insurer and an insured. It arises in the context of the state workers' compensation system. Notably, it arises at a time when there is a parallel state workers' comp proceeding going on addressing these exact same issues. And, again, as I think the questions to Mr. Monaco pointed out, American builders can get this exact relief. It can challenge its obligation to Mr. Scott. It can challenge whether or not custom installations should be responsible for the compensation as opposed to American builders in the workers' comp proceeding. And as Mr. Monaco, I think, conceded, they are challenging that. So that is being litigated in the workers' comp proceedings, which under Pennsylvania law and under this court's precedence, is the only proper place for those issues to be litigated. Mr. Marasty, that means, I take it, that if we rule in your favor here in this appeal, what that means then is that American builders, you would concede that American builders still has a full and fair opportunity to argue before the state system that it should not have to continue paying damages for Mr. Scott because it was defrauded, correct? Absolutely. I mean, just to be clear, we don't concede the merits of that, and that's being litigated at this moment before a workers' comp judge, and has been being litigated. There's been proceedings, depositions, hearings in the workers' comp proceeding involving that precise issue. American builders is a party to that. Mr. Scott's counsel is a party to that, and that is being litigated. And under sections 710, 751, 771, the ones that Mr. Monaco was asked about, under the precise provisions of the workers' comp act, the workers' comp judge has the authority and has the exclusive authority to initially adjudicate that exact claim. And if American builders loses that claim on the merits, it can appeal that to the workers' compensation appeal board. If it loses again on the merits, it can appeal to the Pennsylvania Commonwealth Court. But that's the exclusive – I'm sorry. About the statutory provisions, you've referred to 710, 751. But the essential provision I assume you're relying on is section 481, exclusiveness of remedy? And that's an important question, Your Honor, because I think that American builders has sort of misrepresented both our argument, but even the reasoning of the trial court. The exclusivity provision is sort of the starting point and perhaps the linchpin of the workers' comp system. But the basis on which the trial court dismissed the declaratory judgment claim, the basis on which we believe that that was absolutely the correct result here, is not simply the exclusivity provision. I think that it's the entirety of the workers' comp act and the fact that it's not just section 481, but the other provisions that are cited, such as 710, 751, 771, as well as the Pennsylvania court's interpretation of those provisions in cases like Kligerman going back 70 years and more recently in cases like Waugh and Hearing, all of which hold that the exclusive forum for adjudicating claims arising out of a workplace injury that are as long as they're within the authority of the workers' comp judge is the administrative proceeding. The simple fact... But to deprive someone of the ability to come into federal court or a court system, it would seem to have to be pretty specific that they're just not allowed to come in and rescind a policy where a claim has been in a workers' compensation proceeding. And I look at 481 and wonder why, although the liability of the employer is exclusive and all other liability of the employer, it refers to liability and employer and doesn't really say no action shall be brought in any court in connection with an insurance policy where, you know, a claim is pending, if you will. I'm just wondering whether the statute needed to be more specific and whether maybe we need to ask the Pennsylvania Supreme Court, in this situation where an insurer is seeking rescission of a policy based upon total misrepresentation, which is a very broad issue, whether really we're depriving them of litigation in the court system and relegating them to, you know, a workers' comp judge. Is this something we should ask the Pennsylvania Supreme Court? It's certainly something that has not... It's a distinguishable fact pattern from any other we've seen. Well, with respect, Your Honor, I don't think it is distinguishable. I think that if you look at the case law that we've cited, there's, you know, again, going back 70 years, in many cases, since in the Klingerman case specifically says that a dispute involving who is obligated to pay an injured employee must be resolved in the workers' comp system. In that case, the court dismissed a case that had been brought directly in state court and said you have to go back to the workers' comp proceeding. More recently, the Pennsylvania Supreme Court, in the Waugh case, the same thing. An insurer was seeking to set aside a notice of compensation payable, which is exactly what American Voters is trying to do here. In that case, it alleged that there had been misrepresentations, and the court said you go to the workers' comp judge, then you go to the workers' comp appeal board, and then you come to court. That's the forum. So you would agree, would you not, with my proposition to your colleague, that if this cause of action had been brought before there was any workers' compensation proceeding with Scott, that most likely it could proceed in court? If there had not been a workplace injury, let's say hypothetically that American Builders learned before there's any workplace injury that it believes that Custom Installations has made misrepresentations to procure its workers' compensation policy. And just to be clear, the trial court denied American Builders' summary judgment on its fraud claim before it dismissed it. I don't think the facts are as clear as American Builders presents, but leave that aside. Assume that there have been misrepresentations to procure the policy, and before there's a workplace injury, American Builders learns this and wants to get out of the contract. I don't dispute that in that context, where there is not a workplace injury, there are no pending workers' comp proceedings, and it does not have the ability to go before a workers' compensation judge to challenge the policy, to try to get out of the policy, it could file a claim in court. That's not this case, though. They filed this case not only after the injury, not only after there was a workers' comp proceeding, but after it had filed a notice of compensation payable accepting responsibility. And under the plain terms of the workers' compact, and not just the exclusivity provision, but many of the other provisions we've cited, the notice of compensation payable is valid and binding unless it's modified or set aside as provided in the Workers' Compensation Act. And it's clear, I think, under Pennsylvania law, that in that context, in the specific context of this case where there's been an injury, a workplace injury, where the insurer has accepted responsibility, that it could not go into state court and challenge the policy as American Builders is doing here, period. It could not go into state court. If it did, I think it's clear under the Workers' Comp Act and under the Pennsylvania case law that it would be thrown out of court and be told it had to go back to the workers' comp judge and back to the workers' comp proceedings. And therefore, even though there's diversity... Mr. Marin. Let me stop you a second there. Sure. But you're not saying, as I hear you speaking, you're not saying, however, that the federal courts do not have jurisdiction here to be able to hear this diversity question because that's what this action is. It's a diversity action. And I'm not sure that I read Judge Gibson's order as one dismissing this case because it lacked jurisdiction, but rather dismissing this case because of its interpretation of state law and believing that the forum that this should be decided is in the workers' compensation system. Well, to the extent... I think that I would agree that I don't read the trial court's decision as saying it does not have jurisdiction. I mean, as a simple matter, I agree, Your Honor, that there appears to be diversity jurisdiction. I think there are two unequivocal bases on which the trial court could have, and I think its opinion could be interpreted as dismissing the declaratory judgment claim. One is there is no such claim under Pennsylvania law. So simply put, American Builders fails to state a claim. They could not raise a claim in Pennsylvania state court for rescission of a workers' comp policy under these circumstances. It would be thrown out of state court. And this court has held that where a case could not be brought under state law, that's the basis for a diversity claim, then it can't be brought in federal court, even if there's diversity. So that's number one. And number two, because it's a declaratory judgment claim, I think under this court's precedent, like Summey and Reifer, that unquestionably it would not be an abuse of discretion for the trial court to do what it did and dismiss the claim. Indeed, in Summey, this court held it was an abuse of discretion not to dismiss a claim that was very much like this and didn't even arise in a workers' comp context. So I think when you look at Summey, this court's decision in Summey, you look at this court's decision in Winterberg, which involved not declaratory judgment, but tort claims in the workers' comp context, you look at those together, there's simply no way to conclude that the trial court erred in dismissing this claim, this declaratory judgment claim raising issues that are being litigated in the workers' comp system. Right, but it's not for want of jurisdiction. It's a failure to state a claim because the state scheme is exclusive. That's one of the bases, absolutely, Your Honor. It's not for lack of jurisdiction, it's for failure to state a claim, or again, I think it's because for a declaratory judgment claim, it would be an abuse of discretion for the court not to have dismissed this claim so that it could be adjudicated in the workers' comp proceeding. I see that I'm over my time, and I certainly don't want to take Mr. Fair's time, counsel for Mr. Scott, so I'd be glad to answer any more questions that the court has, but I don't want to go any further unless there are questions. All right, hearing none, thank you very much, Mr. Melenstein. Thank you. We'll hear from Mr. Fair. Your Honor, and may it please the court, this is Matthew Fair on behalf of intervener Jane Scott, Jr. First, I disagree that the district court's order rescinding the policy would simply be a piece of evidence before the workers' compensation judge. The petitions that Americans filed with the workers' compensation judge before the Office of Adjudication on receiving the district court's order seek to terminate and or set aside the notice of compensation payable, to terminate all Americans' obligations to Mr. Scott under the Workers' Compensation Act. And that relief is sought solely on the basis of the district court's order rendering the policy void ab initio. The district court's order is not being used simply as a piece of evidence, but as a court order which they are asking the workers' compensation judge to comply with. Well, but Mr. Honecker just said otherwise in this court, so, you know, that's binding against him. I would say that American, its filing of the request for preliminary injunction against the workers' compensation judge as well as Mr. Scott came after the fact that they did stop paying benefits for a brief period to Mr. Scott. We filed a penalty petition on behalf of Mr. Scott before the workers' compensation judge as a result of that stoppage of payment, which came after they filed their petitions. In that way, they said, you are bound by the district court's order. In other words, the issue before the workers' compensation judge at this point, and those proceedings have been stayed pending this honorable court's ruling on this appeal, is going to be first whether it is bound if this court affirms the order rescinding the policy, whether it is going to be bound by that order. Only if it determines that it is not bound by that order will then the workers' compensation judge analyze the underlying substantive issues concerning whether the policy could be rescinded, whether there was material misrepresentation. There is no order rescinding the policy. You won in the district court. We did, but my understanding is that this appeal, American is seeking to have that order reinstated. If it is, that would go before the workers' compensation judge. That order would be the sole basis for the relief American is seeking before the workers' compensation judge. Are you arguing, Mr. Fair, then, that if you prevail in this appeal, that Mr. Monaco is not allowed or is somehow prohibited from challenging, in the workers' compensations forum, the requirement that American builders continue to make payments to Mr. Scott? No, Your Honor, I am not. What I am saying, perhaps not clearly, is that if we win on this appeal, that being Mr. Scott and the interveners and the appellee, if we win on this appeal, then the workers' compensation judge will have the issues before him concerning whether the policy should be rescinded and whether American should be let off the hook, and then whether the fund, the Uninsured Employer's Guarantee Fund, should assume liability for the payments to Mr. Scott. Exactly. So this case comes all down to not the merits, but who decides, and you and Mr. Merenstein say the state workers' comp system is exclusive and it decides, and Mr. Monaco says, as I heard his argument, and we'll hear what he says on rebuttal, but what I understood Mr. Monaco to be saying is that he agrees that the state system does decide, but with an important caveat, and that caveat being that he wants a federal court order indicating that rescission of the policy is appropriate. Is that your understanding, Mr. Fair? That's my understanding, Your Honor. Okay. All right, I think we understand your argument. Did Judge Fischer, Judge Rendell have any questions for Mr. Fair? No questions. Okay, thank you very much, Mr. Fair. Let's hear Mr. Monaco's rebuttal. Mr. Monaco? Hello? Yes. Hello? Go ahead with your rebuttal, Mr. Monaco. Okay. Thank you, Your Honors. Very briefly, with respect to the TRO and request for preliminary injunction, as the Court's aware, those matters are not before the Court, but just by way of background, we sought those remedies after the Commonwealth filed the TRO and filed papers in the ancillary workers' compensation proceeding, telling the Court there that they were free to ignore the district court's ruling. As to Judge Rendell's question about a possible referral, a recommendation that the PA Supreme Court address this issue, we would welcome that opportunity because we do think that there is, as Judge Gibson noted, a gap in the law on the specific facts of this case. If, however, the district court had applied Martin properly, it's our position that it would have concluded that the exclusivity provisions did not apply and that it should not have kicked the case back to the workers' compensation court. As things stand now, from our perspective, the district court has told American builders that it has no remedy for the tort that occurred between custom installations and American builders. And with that, I will be quiet unless there are any questions. Mr. Monaco, the only question I would have is you said you would welcome certification. You would have had that opportunity had you filed this case in state court initially. Understood. Okay. Do you agree with Mr. Merrick's statement that if this matter were brought under state law, in state court it would have been thrown out? I do not. We have a fundamental disagreement as to the applicability of Martin. And if exclusivity is not applicable in the district court action, we would have taken the same position in a state court action. So I disagree with him respectfully. All right. All right. Any other questions from Judge Fischer or Judge Rendell? No? All right. Well, I have none. On behalf of the court, I want to thank Mr. Monaco and Mr. Merenstein and Mr. Fair for what was an outstanding argument, especially under novel circumstances.  We will take the matter under advisement. Thank you. Thank you.